# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER E. DENISON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-08-360-JHP-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Roger E. Denison requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). *See also Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant is engaged in substantial gainful activity, or his impairment is not medically severe, disability benefits are denied. If he does have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant can perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951); *see also Casias,* 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 29, 1964, and was forty-one years old at the time of the administrative hearing. He has a high school education and two years of vocational training in automobile mechanics. He previously worked as a security guard, correctional officer, automobile repair technician, heavy equipment operator, welder, and owned and operated a tire service. The claimant alleges he has been unable to work since February 1, 2004, because of injuries to his neck, left shoulder, left arm, left hand, left hip, left knee, right foot, back, and depression.

## Procedural History

On September 21, 2004, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Both applications were denied. ALJ Lantz McClain conducted a hearing and determined that the claimant was not disabled in a decision dated October 4, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform the full range of

sedentary work, *i. e.*, that he could lift/carry a maximum of 10 pounds (either frequently or occasionally), stand/walk for 2 of 8 hours in a workday, and sit for 6 of 8 hours in a workday (Tr. 16). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled under Rule 201.28 of the Medical-Vocational Rules (the "grids"). *See* 20 C.F.R. Part 404, Subpt. P, App. 2, § 201.28.

**Review**

The claimant contends that the ALJ erred: (i) by failing to find that he met or equaled a listing of *per se* disability under step three; (ii) by failing to accord substantial weight to the opinions of the claimant's treating physicians; and (iii) by finding that claimant could perform the full range of sedentary work and applying the Medical-Vocational Rules (the "grids"). The undersigned Magistrate Judge finds that the ALJ failed to properly analyze the claimant's non-exertional limitations due to pain and the decision of the Commissioner should therefore be reversed.

The grids are a set of rules promulgated by the Commissioner for determining disability at step five based on the claimant's RFC category, age, education, and work experience. *Channel v. Heckler*, 747 F.2d 577, 579-80 (10th Cir. 1984). "[A]n ALJ may not rely conclusively on the grids unless he finds (1) that the claimant has no significant non-exertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Conclusive use of the grids is thus inappropriate when the claimant has a non-exertional impairment,

unless the ALJ can support a finding that the non-exertional impairment is insignificant. *Id.* at 1490-91; s*ee also* 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(e).  Further, it is error to apply the grids if the ALJ does not properly evaluate the claimant's impairments at step four.  *Allen v. Barnhart*, 357 F.3d 1140, 1143 (10th Cir. 2004) (noting that when the ALJ does not properly evaluate the claimant's impairments at step four, it is error for him to apply the grids at step five).

The ALJ found that the claimant suffered from severe impairments of mild stenosis at C3-4 of his spine, a history of left elbow and wrist surgery, a history of injury to the left shoulder and hip, degenerative arthritis to the left knee, traumatic arthritis to the right ankle and history of injury to the lumbar spine (Tr. 16).  The claimant testified that he has difficulty sitting, standing, or walking for more than 15 minutes at a time because of pain (Tr. 35).  Despite finding that the claimant suffered from severe pain-inducing impairments, the ALJ failed to consider (or even mention) the effect that the claimant's pain might have on his RFC.  S*ee Thompson v. Sullivan*, 987 F.2d 1482, 1490-91 ("Pain, even if not disabling, is still a nonexertional impairment to be taken into consideration, unless there is substantial evidence for the ALJ to find that the claimant's pain is insignificant."), *citing Ray v. Bowen*, 865 F.2d 222, 225 (10th Cir. 1989) and *Gossett v. Bowen*, 862 F.2d 802, 807-08 (10th Cir. 1988).  *See also Baker v. Barnhart*, 84 Fed. Appx. 10, 13 (10th Cir. 2003) (finding ALJ's step-two finding made it impossible for him to conclude at step four that claimant's pain was insignificant, and he erred by conclusively relying on the grids).  The failure to do so precluded the ALJ from relying

conclusively on the grids to determine that the claimant was not disabled at step five. *See Allen*, 357 F.3d at 1143 (noting that when the ALJ does not properly evaluate the claimant's impairments at step four, it is error for him to apply the grids at step five).

The ALJ found that the claimant's RFC enabled him to perform the full range of sedentary work (Tr. 18). In doing so, the ALJ relied almost exclusively on the findings of state examining physician Dr. Gordon B. Strom and summarized and supported those findings in his decision with the statement that the claimant was not "limited from all activity and that he is certainly capable of a sedentary type of occupation if made available to him." (Tr. 18). The actual report of Dr. Strom states as follows:

> This patient presents with a prior history of trauma involving largely his left side with limitation of motion of his left arm and hip. I do not find evidence that the patient is limited from all activity. He is certainly capable of a sedentary type of occupation if made available to him. He has difficulty getting around his own home because of the complaint of pain. He has difficulty picking anything up with his left arm. Stooping and bending are limited because of his complaint of hip pain.

(Tr. 196). Dr. Strom also found that the claimant suffered, *inter alia*, from traumatic induced arthritis in his left shoulder and left hip, degenerative arthritis involving the left knee, and traumatic arthritis in his right ankle (Tr. 196). The ALJ's analysis of the claimant's RFC, however, contains no discussion of claimant's subjective complaints of pain, his arthritis (which was found by the ALJ to be a severe impairment at step two), or Dr. Strom's notations regarding the claimant's limitations relating to his left arm. *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to

his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]; *see also Taylor v. Schweiker*, 739 F.2d 1240, 1243 (7th Cir. 1984) ("'[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.'"), *quoting Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982).

As support for his assessment of the claimant's RFC, the ALJ discussed a number of reports by physicians but inexplicably failed to evaluate and specify the weight he assigned to any of them. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every medical opinion* in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added]. The applicable factors are: (i) the length of the treatment relationship and frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) the consistency between the opinion and the record as a whole; (v) whether the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *See Watkins v. Barnhart,* 350 F.3d 1297, 1301 (10th Cir. 2003), *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). On remand, the ALJ should

evaluate every opinion from a physician in the claimant's medical record and specify the weight he is assigning to each.

Because the ALJ erred by applying the grids without first determining whether the claimant's non-exertional limitations affected his RFC, the undersigned Magistrate Judge concludes that the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should evaluate and specify the weight he is assigning to all of the physician opinions in the record, and determine whether the claimant has any non-exertional limitations (such as pain) that affect his RFC. If this analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

**Conclusion**

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith. The parties shall have fourteen days to file objections to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 16th day of March, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**